UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HUCKLEBERRY ULBRICHT,

      Plaintiff,                                    Case No.: 3:23-cv-00623-jdp

      v.

THE CITY OF MAUSTON,
DENNIS NIELSEN, RANDALL REEG,
NICOLE LYDDY and BRANDON ARENZ,

      Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF RANDALL REEG

Defendant Randall Reeg, by his attorneys, Boardman & Clark LLP, by James E. Bartzen, answers plaintiff's Complaint as follows:

1. Answering the first unnumbered paragraph under "The Parties to This Complaint," "The Plaintiff(s);" lacks information sufficient to form a belief as to the truth as to the allegations of this paragraph, and therefore, denies the same, putting plaintiff to his proof.

2. Answering the second unnumbered paragraph under "The Parties to This Complaint," "The Defendant(s)," "Defendant No. 1;" admits the identification of the City of Mauston.

3. Answering the third unnumbered paragraph under "The Parties to This Complaint," "The Defendant(s)," "Defendant No. 2;" admits the identification of Mayor Dennis Nielson. Denies that he should be sued in his individual capacity.

4. Answering the fourth unnumbered paragraph under "The Parties to This Complaint," "The Defendant(s)," "Defendant No. 3;" admits that Randall Reeg is a party to this

lawsuit. Denies the remainder of the allegations and further denies that he should be sued in his individual capacity.

5. Answering the fifth unnumbered paragraph under "The Parties to This Complaint," "The Defendant(s)," "Defendant No. 4;" admits that Brandon Arenz is a party to this lawsuit and the address of his place of employment. Affirmatively alleges that he is a Sergeant. Denies that he should be sued in his individual capacity.

6. Answering the sixth unnumbered paragraph under "The Parties to This Complaint," "The Defendant(2)," "Defendant No. 5;" admits the identification of Deputy Clerk Nicole Lyddy. Denies that she should be sued in her individual capacity.

7. Answering the seventh unnumbered paragraph under "Basis for Jurisdiction II (A)," admits.

8. Answering the eighth unnumbered paragraph under "Basis for Jurisdiction II (B)," admits that plaintiff brings the claims referred to, but denies violations of the same and affirmatively alleges that plaintiff fails to state claims upon which relief can be granted.

9. Answering the ninth unnumbered paragraph under "Basis for Jurisdiction II (C)," admits that no claims are being brought under *Bivens*.

10. Answering the tenth unnumbered paragraph under "Basis for Jurisdiction II (D)," admits that at all relevant times, Randall Reeg was acting in his official capacity and affirmatively denies liability. As to the remainder of the allegations in this paragraph, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

11.     Answering the eleventh unnumbered paragraph under "Statement of Claim (A)," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

12.     Answering the twelfth unnumbered paragraph under "Statement of Claim (B)," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

13.     Answering the thirteenth unnumbered paragraph under "Statement of Claim (B)," "Personal identifying information was released publicly when unredacted copies of my driver's license, car title and insurance paperwork was posted on the City of Mauston['s] website," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

14.     Answering the fourteenth unnumbered paragraph under "Statement of Claim (B)," "The reason the city had these documents was due to applying for a Taxi Vehicle & Operators License," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

15.     Answering the fifteenth unnumbered paragraph under "Statement of Claim (B)," "The City negligently posted the documents without redaction and removed them the next day after I discovered it and confronted the city about it," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

16.     Answering the sixteenth unnumbered paragraph under "Statement of Claim (B)," "Before speaking critical of matters and actions taken by city officials during public comment including matters concerning 1st amendment violations and the negligence of the Deputy Clerk Nichole Lyddy[,] I was instructed by Mayor Dennis Neilson that I can not mention any names,"

defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

17. Answering the seventeenth unnumbered paragraph under "Statement of Claim (B)," "The next council meeting following that one I spoke on further 1st amendment violations and spoke about the order to not mention names was a violation of free speech and that the city had no authority to make such verbal assertions," defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

18. Answering the eighteenth unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph one, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

19. Answering the nineteenth unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph two, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

20. Answering the twentieth unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph three, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

21. Answering the twenty-first unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph four, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

22. Answering the twenty-second unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph five, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

23. Answering the twenty-third unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph six, denies.

24. Answering the twenty-fourth unnumbered paragraph under "Statement of Claim (B)," attachment two, paragraph seven, defendant lacks information sufficient to form a belief as to their truth, and therefore, denies the same, putting plaintiff to his proof.

25. Answering the twenty-fifth unnumbered paragraph under "Injuries," admits plaintiff sustained no injuries.

26. Answering the twenty-sixth unnumbered paragraph under "Relief," denies the relief sought is proper, denies the allegations contained therein and affirmatively alleges that plaintiff fails to state claims upon which relief can be granted.

27. As a separate and affirmative defense, defendant alleges that plaintiff's complaint fails to state a claim upon which relief may be granted against him.

28. As a second separate and affirmative defense, defendant is immune from suit under common law and statutory immunities and privileges including discretionary immunity and qualified immunity.

29. As a third separate and affirmative defense, defendant alleges that plaintiff's claimed damages may have been the result of his own action or inaction or of the actions of third parties over whom defendant has no control and for whom defendant bears no responsibility.

30. As a fourth separate and affirmative defense, defendant alleges that plaintiff has failed to comply with the notice of claim requirements set forth in Wis. Stat. §893.80(1)(d).

31. As a fifth separate and affirmative defense, defendant alleges that to the extent plaintiff bases his claims on anything but federal grounds, the amount of recovery by plaintiff for

any damages or injuries may not exceed $50,000.00 and no punitive damages are recoverable, as provided by Wis. Stat. § 893.80(3).

32.   As a sixth separate and affirmative defense, defendant alleges that plaintiff may have failed to mitigate his damages.

WHEREFORE, defendant requests that the court dismiss the complaint, with prejudice and costs, and for such further relief as the court deems appropriate.

Dated this 12th day of October, 2023.

>BOARDMAN & CLARK LLP
>By
>
>*Electronically signed by James E. Bartzen*
>James E. Bartzen, SBN 1003047
>Attorneys for Defendant Randall Reeg
>
>U.S. Bank Plaza, Suite 410
>1 South Pinckney Street
>P.O. Box 927
>Madison, Wisconsin  53701-0927
>(608) 257-9521
>jbartzen@boardmanclark.com