**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

_____

HUCKLEBERRY ULBRICHT,

                      Plaintiff,

v.

THE CITY OF MAUSTON,
DENNIS NIELSEN,
RANDALL REEG,
NICOLE LYDDY, AND
BRANDON ARENZ

                      Defendants.

CASE NO. 3:23CV00623

---

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO VERIFIED COMPLAINT ON BEHALF OF**
**DENNIS NIELSEN**

---

The defendant, Dennis Nielson, by his attorneys, Wirth + Baynard, answers the plaintiff's Verified Complaint and asserts Affirmative Defenses, by alleging and showing to the court as follows:

**<u>ANSWER</u>**

1.     Answering Paragraph 1 "The Parties to This Complaint";

     A.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies same and puts the plaintiff to his proof thereon.

     B.     <u>Defendant No. 1</u>: Admits the identifying allegation.

           <u>Defendant No. 2</u>: Admits the identifying allegation; denies the defendant is suable in his/her individual capacity.

           <u>Defendant No. 3</u>: Admits the identifying allegation; denies the defendant is suable in his/her individual capacity.

<u>Defendant No. 4</u>: Admits the identifying allegation; denies the defendant is suable in his/her individual capacity.

<u>Defendant No. 5</u>: Admits the identifying allegation; denies the defendant is suable in his/her individual capacity.

2.      Answering Paragraph 2, "Basis for Jurisdiction":

A.      Denies information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies same and puts the plaintiff to his proof thereon.

B.      Denies any deprivation of any rights or privileges as alleged or otherwise.

C.      n/a

D.      As to each and every purported allegation in this paragraph, admits only that, at times material hereto, Defendant Nielsen was acting within his official capacity; denies that the paragraph identifies with requisite specificity any action or inaction on the part of the defendants and denies any deprivation of rights or privileges as may be alleged, or otherwise.

3.      Answering Paragraph 3, "Statement of Claim"

A.      Denies information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies same and puts the plaintiff to his proof thereon.

B.      Denies information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies same and puts the plaintiff to his proof thereon

C.      Asserts that the allegations in this paragraph, including the allegations contained within "Attachment 2," are a materially incomplete and inaccurate recitation of the events that the allegations purport to memorialize and, therefore, denies same. Specifically, denies that Defendant Nielsen's personal "Facebook page" has ever been operated in any official, City business capacity as alleged, or otherwise.  Further answering this paragraph admits only that, at times material hereto, Defendant Nielsen recommended enforcement of a narrowly drawn set of

2

rules of orderly procedure regarding public comment to protect the compelling government interest in the integrity of the Citizen Address opportunities at Common Council meetings against disruptive conduct or behavior, and to assure the safe and orderly administration of the process; denies any allegation inconsistent with this response. As to any allegation in this paragraph or within "Attachment 2" that does not allege conduct attributed to Defendant Nielsen, denies information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies same and puts the plaintiff to his proof thereon.

4.      Answering Paragraph 4, "Injuries", admits the plaintiff suffered no injuries.

5.      Answering Paragraph 5, "Relief", denies that the plaintiff's allegations state a claim or claims upon which relief may be granted. Further answering this paragraph, denies that the itemization of relief sought is permissible or recognized under applicable law, and denies that the plaintiff is entitled to any relief as alleged or otherwise.

## AFFIRMATIVE DEFENSES

6.      The plaintiff's complaint fails to state a claim upon which relief may be granted as against the defendants.

7.      The plaintiff's claims may be barred by his failure to exhaust administrative remedies prerequisite to filing a civil action.

8.      The actions of this responding defendant were objectively reasonable, and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin Statutes, by United States code or regulation, and by operation of state and federal common law.

9.      To the extent that the plaintiff seeks monetary damages or compensation as against this defendant, the defendant is protected by immunity from claims, as well as limitations on

actions and damages, as provided by Wisconsin statutes, by United States code or regulation, and by common law.

10.     The plaintiff's claims may be barred or otherwise limited by his failure to meet the terms and conditions of statutes that control the timeliness and content of notices and claims that must be afforded municipal officials before any action may be pursued.

11.     The plaintiff's claimed injuries and damages, if any, were caused, in whole or in part, by his own conduct or failure of conduct at times material hereto.

12.     The plaintiff may have failed to mitigate damages as is required by law.

13.     The conduct attributed to this responding defendant did not constitute any violation of a cognizable constitutional right and this action must be summarily dismissed.

14.     This responding defendant acted at all times reasonably and with a good faith belief that his actions were lawful and were not in violation of any federal or state constitutional right.

15.     The defendant acted within the discretionary scope of his authority as a public official in response to the circumstances and/or exigent circumstances.

16.     The defendant acted in the public interest and in the furtherance of protecting public safety and good order, all in accordance with existing laws, policies and practices.

17.     The defendant did not intentionally or unjustifiably harm the plaintiff, nor was his conduct extreme or outrageous, motivated by evil intent, malice or deliberate indifference, nor did he exercise reckless or callous indifference, toward the plaintiff or any of the plaintiff's rights.

18.     To the extent the plaintiff has pled, or meant to plead, state law claims against this responding defendant, those claims are subject to the requirements of statutory notice and conditions precedent to suit with which the plaintiff failed to comply.

19.     This responding defendant reserves his right to amend this answer and affirmative defenses should additional information warrant it.

WHEREFORE, the defendant, Dennis Nielson, demands judgment dismissing the plaintiff's Complaint upon the merits, with prejudice, and with an award against the plaintiff of all allowable costs, attorneys' fees, disbursements, and other relief the court deems just.

Dated this 20th day of October, 2023.

**WIRTH + BAYNARD**
Attorneys for Dennis Nielson

By:    */s/electronically signed Joseph M. Wirth*
JOSEPH M. WIRTH
Wis Bar #1012080
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Fax: (414) 291-7960
E-mail:  jmw@wbattys.com