UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Huckleberry Ulbrict,

          Plaintiff,

v.                                             Case No.: 23-CV-623-jdp

City of Mauston, Dennis Neilsen, Randall Reeg,
Nicole Lyddy, Brandon Arenz,

          Defendants.

**DEFENDANT BRANDON ARENZ' JOINT
ANSWER & AFFIRMATIVE DEFENSES**

NOW COMES the defendant, Brandon Arenz, by his attorneys, Klinner Kramer Shull, LLP, and in response to the allegations of the plaintiff's pro se Complaint, states the following:

**ANSWER**

**I. Parties to This Complaint**

**A. Plaintiff**

1. In response to the allegations in Paragraph Plaintiff No. 1, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph and therefore denies the same.

**B. Defendants**

2. In response to the allegations in Paragraph Defendant No. 1, admits the identifying information concerning the defendant City of Mauston, denies any allegations in the Complaint that the plaintiff has a claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

3. In response to the allegations in Paragraph Defendant No . 2, admits the defendant Dennis Nielsen is the duly elected mayor of the City of Mauston, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph alleging an individual capacity claim against Mayor Nielsen and therefore denies the same.

4. In response to the allegations in Paragraph Defendant No . 3, admits the defendant Randall Reeg was the City Administrator of the City of Mauston, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph alleging an individual capacity claim against Mr. Reeg and therefore denies the same.

5. In response to the allegations in Paragraph Defendant No . 4, admits the defendant Brandon Arenz is a police officer with the City of Mauston, denies that the Plaintiff has an individual capacity claim against Sergeant Arenz.

6. In response to the allegations in Paragraph Defendant No . 5 (Attachment), admits the defendant Nicole Lyddy is a deputy clerk for the City of Mauston, denies knowledge or information sufficient to form a belief as to the allegations in the paragraph alleging an individual capacity claim against Ms. Lyddy and therefore denies the same.

## II. BASIS FOR JURISDICTION.

7. In response to the allegations in Paragraph II (A), denies that this answering defendant violated any rights under the Constitution or federal law giving rise to claims under 42 U.S.C. § 1983; or raising any federal questions under 28 U.S.C. § 1331; denies the plaintiff is entitled to any relief against this answering defendant; and denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

8. In response to the allegations in Paragraph II (B), denies that this answering defendant violated any rights under the First or Fourteenth Amendment or the DPPA and therefore denies the allegations against the answering defendant; and denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

9. No response is necessary to Paragraph II (C).

10. In response to the allegations in Paragraph II (D), denies any allegations in the paragraph that the plaintiff has a claim against the defendant City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), or an individual capacity claim against the answering defendant, and denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

### III. STATEMENT OF CLAIM.

11. In response to the allegations in Paragraph III(A), admits only that the allegations against this answering defendant purport to take place at the Mauston City Hall at a City Common Council meeting, denies any allegations against this defendant involved any Facebook Page; denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

12. In response to the allegations in Paragraph III(B), denies that this answering defendant had any involvement in any purported allegation on any other date other than being present at a July 11, 2023 City of Mauston Common Council meeting; denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

13. In response to the allegations in Paragraph III(C), denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant or involving any event other than the July 11, 2023 Common Council meeting and therefore denies the same; denies this answering defendant had any involvement in any allegation in the Complaint other than the July 11, 2023 City of Mauston Common Council meeting and therefore denies any basis for liability against this defendant for any other event or allegation; admits only that this answering defendant was at the July 11, 2023 City of Mauston Common Council meeting as a police officer for the City of Mauston because the Chief of Police had other duties; denies this answering defendant had any involvement with any policy-making or decision-making regarding any public speaking policy during Common Council meetings; denies the allegations in the paragraph are a complete and accurate statement of what occurred during the July 11, 2023 City of Mauston Common Council meeting and therefore denies the same.

14. In response to the allegations in Paragraph III(C) (Attachment 2), denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant or involving any event other than the July 11, 2023 Common Council meeting and therefore denies the same; denies this answering defendant had any involvement in any allegation in the Complaint other than the July 11, 2023 City of Mauston Common Council meeting and therefore denies any basis for liability against this defendant for any other event or allegation in the Complaint; denies the allegations in the paragraph are a complete and accurate statement of what occurred during the July 11, 2023 City of Mauston Common Council meeting and therefore denies the same; denies this answering defendant had any involvement with any policy-making or decision-making regarding any public speaking policy during Common Council meetings; admits only that

this answering defendant was at the July 11, 2023 City of Mauston Common Council meeting as a police officer for the City of Mauston, affirmatively alleges that was because the Chief of Police who would normally be at the meetings had other duties on that date, and that at the July 11, 2023 City of Mauston Common Council this answering defendant was directed by Mayor Nielsen who, on information and belief under controlling state law, is the presiding officer for Common Council meetings of the City of Mauston, to remove the Plaintiff from the July 11, 2023 meeting; and that following that direction from the presiding officer of the meeting, I asked the Plaintiff to accompany me to leave the meeting; denies any allegation in the paragraph or complaint inconsistent with these affirmative allegations, and therefore denies this answering defendant violated any Constitutional right of the Plaintiff under the circumstances and therefore denies any liability for any claim alleged against him in the Complaint.

## IV. INJURIES.

15.     In response to the allegations in Paragraph IV, admits Plaintiff sustained no injuries based on any action of this answering defendant.

## V. RELIEF.

16.     In response to the allegations in paragraph V, denies this answering defendant violated any rights under the Constitution or federal law and therefore denies all the allegations in the paragraph against this answering defendant claiming otherwise and denies that the plaintiff is entitled to any of the relief he is alleging against this answering defendant; denies knowledge or information sufficient to form a belief as to any of the allegations in the paragraph against any other defendant and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

This answering defendant separately affirmatively alleges and shows to the Court the following affirmative defenses:

A. That the plaintiff's Complaint may fail to state a claim upon which relief may be granted against this defendant.

B. That the plaintiff may have failed to mitigate his alleged damages.

C. That the plaintiff may lack standing to the claim against this answering defendant.

D. That the plaintiff's claim against this answering defendant may be moot.

E. That any claim for punitive damages against the City may be barred as a matter of law by *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 297 (1981).

F. That the Wisconsin Legislature has vested the presiding officer of Common Council meetings with the legislative authority to maintain order and decorum at any Common Council meeting, and such duties and authorities include ordering disruptive person from town meetings and directing law enforcement to enforce such orders.

G. That this answering defendant did not individually violate the plaintiff's First Amendment rights as this answering defendant's action was under the authority and at the direction of the presiding officer of the common council meeting under state law.

H. That this answering defendant did not individually impose or enact any content-based limitation on the Plaintiff's speech but was neutrally enforcing a directive of the presiding officer of the Common Council meeting and therefore this answering defendant would have acted the same way regardless of the alleged content of the Plaintiff's speech. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–86 (1977); *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011).

  I. That the plaintiff has failed to identify an unconstitutional policy or practice of the City that violates the First Amendment.

  J. That there is no right under Wisconsin law for public discussion at any Council meetings.

  K. That as to any individual capacity claims against this answering defendant, this defendant is entitled to qualified immunity.

  L. That the plaintiff is not entitled to any compensatory, equitable, punitive, or declaratory relief against this answering defendant.

  M. That to the extent the Complaint is intended to allege any claims against this answering defendant under state law, such claims may be barred by the failure to comply with the notice requirements of Wis. Stat. § 893.80(1d), and may be subject to all of the governmental immunity and damage limitations in Wis. Stat. § 893.80.

  N. That the defendant reserves the right to raise additional Affirmative Defenses based on information or facts disclosed or uncovered prior to the time of trial.

  WHEREFORE, the defendant, Brandon Arenz, demands judgment dismissing the plaintiff's Complaint and all claims against him and for an award of attorney fees pursuant to 42 U.S.C. § 1988, costs and disbursements together with such other and further relief as the Court deems just and equitable.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated at Wausau, Wisconsin this 23rd day of October 2023.

        s/ Michael J. Roman
        Michael J. Roman
        State Bar No. 1020648
        Attorneys for Defendant, Brandon Arenz,
        KLINNER KRAMER SHULL LLP
        210 McClellan Street, Suite 400
        Wausau, WI 54403
        Phone: (715) 845-5656, Fax: (715) 845-5666
        *Email: mroman@klinnerkramershull.com*